UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| KEVEN LATIMER AND BRENDA LATIMER, ) ) ) PLAINTIFFS, ) ) V. ) ) WRIGHT MEDICAL TECHNOLOGY, ) INC., ) ) DEFENDANT. ) | CIVIL ACTION NO. 3:14-cv-00027-BRW/JTR |

**STIPULATED PROTECTIVE ORDER**

This Order is entered in accordance with Rule 26 of the Federal Rules of Civil Procedure, and in consideration of the stipulation of the parties, by and through their respective counsel, that this Protective Order should be entered to protect valid confidentiality or privacy interests of the Parties as well as any third parties from whom information is sought in this matter and to avoid any unnecessary delay in discovery caused by disputes which may arise regarding claims of confidentiality.

**I.   SCOPE OF PROTECTIVE ORDER**

   **1.01   Scope of Order**

   This Order shall apply to discovery initiated by any of the parties to one or more of the other parties or to any third parties and shall apply to all information, documents, electronically stored information ("ESI"), and/or things in the possession of or under the control of any party or third party subject to discovery in this action. This Order shall further govern the production of documents and information supplied in this case in any form by a party and designated by that producing party as embodying "Confidential" information for purposes of discovery or

otherwise.[1]

## II. PROCEDURES FOR PROTECTION OF CONFIDENTIAL INFORMATION

### 2.01 "Confidential" Information Defined

"Confidential" information shall include any non-public material or other information that the Producing Party reasonably and in good faith believes contains or reveals trade secrets; confidential research, development or commercial information, including, but not limited to, inspections of premises or things; or other proprietary or sensitive information or know-how that derives its value from secrecy, or such material the public disclosure of which would cause the Producing Party, or third parties identified therein, irreparable harm, undue annoyance or embarrassment which merit confidential status pursuant to the Federal Rules of Civil Procedure, local rules of this Court and applicable statutory and decisional law. The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential Material, as well as testimony and oral conversations derived therefrom or related thereto.

"Confidential" information shall not include:

(a) Information, materials, or documents already in the recipient's possession prior to the date of this Order and that are not acquired or obtained pursuant to confidentiality restrictions;

(b) Information, materials, or documents obtained by the recipient from a third party who, insofar as is known by the recipient, is not prohibited from transmitting

---

[1] For purposes of this Order, "document" shall have the same meaning as that set forth in Fed.R.Civ.P. 34(a)(1)(A), *i.e.*, "any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or date compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

the information to the recipient; and

(c) Information, materials, or documents that are generally available to the public, including information which becomes available to the public through no breach of this agreement by a Party.

**2.02    Designation of Confidential Information**

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each premise or thing or portion thereof which is deemed by the Producing Party to disclose confidential information (hereinafter "Confidential Information"), will be identified and labeled as "CONFIDENTIAL." Labeling should be done in such manner as not to obscure the text or content of the document.

Such identification and marking shall be made at the time when the Producing party provides responses, documents, inspections, or things that it considers to be Confidential Information.  In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be designated "Confidential" information, if any, within twenty-one (21) days after the receipt of the transcript of the deposition, if such request for a confidential designation is not made at or during the deposition, in which case the designating party has no further obligation.  Counsel must make a good faith attempt to designate only those materials which contain sensitive business or other confidential matters or information, not available to the general public, as Confidential Information.  During the 21-day period, the entire deposition transcript shall be deemed to be confidential.

**2.03    Disputes as to Confidential Information**

A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information within 30 days of said

designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to, within that 30-day period, voluntarily remove the "Confidential" designation or file an appropriate motion requesting that the Court enter an order preventing or limiting disclosure. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

If the confidential provisions of this Order become inapplicable to any Confidential Material as set out above, then the Producing Party must supply Requesting Party with copies of subject documents without the "Confidential" designation.

### III.   AUTHORIZED USE OF CONFIDENTIAL INFORMATION

**3.01   Use of Confidential Information**

Confidential Information shall not be used or shown, disseminated, copied or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals, and only in compliance with this Order. Confidential Information shall not be used for competitive purposes. No person shall under any circumstances sell, offer for sale, advertise or in any way disclose Confidential

Information (e.g., no person shall permit the viewing, dissemination, copying, recording, duplicating, transmitting or sharing of Confidential Information). Counsel for Plaintiffs and Defendants shall take necessary and reasonably proper precautions to prevent the unauthorized or inadvertent disclosure or distribution of any Confidential Information.

Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Confidential Information shall be limited to the following persons, who shall be referred to as "Qualified Persons":

    (a)    Attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

    (b)    experts and consultants retained by the parties and whose assistance is reasonably necessary in the preparation and trial of this action, as well as the employees of the outside experts and consultants for the firm of such experts and consultants who have a need related to this litigation to review the Confidential Information provided said expert has agreed to be bound by the terms of this Order and has executed the acknowledgement attached hereto as Exhibit "A"[2];

    (c)    all named parties who have made an appearance in this lawsuit and their employees;

    (d)    the Court (including any appellate court), jury that hears this case at trial, court personnel, and court reporters in connection with this litigation;

    (e)    persons or entities that provide litigation support services (including, but not limited to, photocopying, videotaping, preparing exhibits or demonstrations,

---

[2] A copy of each executed acknowledgement relating to Plaintiffs' consultants/experts shall be maintained by counsel for Plaintiffs and those relating to Defendant's consultants/experts shall be maintained by counsel for Defendant.

organizing, storing, retrieving data in any form or medium) and their employees and subcontractors;

(f) any person who was involved in or has knowledge of the preparation of the document or information or who authored, received a copy of, or reviewed the document before it was produced in this litigation, provided the person's prior receipt of this information was not subject to a confidentiality or protective order;

(g) current and former officers and employees of Producing Party in connection with the deposition or trial testimony of such person;

(h) persons designated by the Producing Party as custodians for purposes of e-discovery;

(i) any other person, entity or firm, with the prior written consent of the Party that produced the document or information and designated such document or information as CONFIDENTIAL;

(j) mediators and mediators' employees actively assisting in the mediation in connection with this matter;

(k) witnesses or deponents in the course of this litigation, only as necessary for the litigation and only after the person to whom such disclosure is made has been informed of this Protective Order and has agreed in writing to be bound by signing the form of acknowledgement annexed as Exhibit "A"; and

(l) any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

**3.02    Prerequisites to Disclosure to Qualified Persons**

No person listed in paragraph 3.01(b) or (k) shall be allowed access to Confidential

Information unless each person is (i) given a copy of this Order and advised as to its terms by the respective party's attorney; and (ii) agrees in writing to strictly comply with the terms of this order through completion of the form that is attached to this Order as Exhibit "A".

In addition, if a party wishes to disclose "CONFIDENTIAL" information to an expert or consultant under paragraphs 8b who is known to be a Competitor (or an employee of a Competitor of the party that so designated the discovery material), the party wishing to make such disclosure shall give at least seven business days advance notice in writing to the counsel who designated such discovery material as "CONFIDENTIAL," stating that such disclosure will be made, identifying by subject matter category of the discovery material to be disclosed, and stating the purposes of such disclosure.  If, within the seven business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application.  As used in this paragraph, the term "Competitor" means any medical device manufacturer, distributor or seller other than Wright Medical Technology.

### 3.03    Depositions

The confidentiality requirements of this Order extend to oral depositions and depositions on written questions.  Any individual not authorized by this Protective Order to be a recipient of Confidential Information may be excluded from a deposition while such information is being elicited.

### 3.04    Filing of Confidential Information

The parties shall comply with the Local Rules and other Court procedures when filing Confidential Information under seal.  Confidential Information shall not be filed with the Court except when required in connection with matters ending before the Court.  Said Confidential Information shall be kept under seal until further order of the Court; however, Confidential

Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential Information contained herein under the terms of this Order.

    **3.05**    **Use of Confidential Information during the course of litigation and at trial.**

Confidential Information may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary so long as the filing party complies with the requirements outlined in 3.04 above.

**IV.**    **PROCEDURES UPON THE CONCLUSION OF THIS LITIGATION**

    **4.01**    **Return or Destruction of Materials Containing Confidential Information**

At the conclusion of this action, including any appeals, all documents, records, tangible materials, or other information designated as CONFIDENTIAL and (except as provided herein with respect to documents reflecting privileged communication or attorney work product) and all copies of any of the foregoing shall be promptly returned by counsel for the Receiving Party to counsel for the Producing Party.  In the alternative, to the extent that documents reflecting privileged communications or attorney work product contain information designated CONFIDENTIAL, the Receiving Party may, in lieu of returning such documents to the Producing Party, certify in writing to the Producing Party, within 30 days of the termination of the litigation, that such documents have been destroyed.

    **4.02**    **Continuing Jurisdiction of the Court**

After termination of this litigation, the provisions of this Order shall continue to be binding unless otherwise ordered by the Court.  This Court retains and shall have jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Order.

## V. MISCELLANEOUS PROVISIONS

### 5.01 Binding Effect

This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors, and other persons or organizations over which they have control.

### 5.02 No Waiver or Admission

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things.  Nothing contained in this Protective Order, and no action taken in compliance with it shall:  (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Confidential Information and subject to this Protective Order.

### 5.03 Inadvertent Disclosure by Producing Party

The inadvertent and/or unintentional disclosure by the Producing Party of Confidential Information, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific

information disclosed or as to any other information relating thereto or concerning the same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as CONFIDENTIAL as soon as reasonably possible after the Producing Party becomes aware of the erroneous release and shall thereafter be treated as confidential hereunder. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed Confidential Material from the time of receipt of that material until such time as the Producing Party properly designates it as confidential.

**5.04    Privileges and Objections**

Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including, but not limited to, defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding. However, nothing herein shall be construed as a waiver of the parties' duty to timely and adequately preserve any claim of privilege, including providing a privilege log.

In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine or immunity, such party shall promptly give written notice to the requesting party upon discovering such inadvertent disclosure. Immediately upon receiving such notice, counsel for the receiving party shall sequester all identified information,

including any and all copies, in its offices until the matter is resolved. If the parties are unable to reach a satisfactory resolution as to the return, destruction or use of such documents within 14 business days of such notice, the producing party may, within 28 business days of receiving the initial notice, request that the Court resolve the matter. If the party alleging inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information to be returned to the producing party. The period of time that elapses while a party follows the procedures set forth in this paragraph for resolving any inadvertent disclosure dispute shall not be considered a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the producing party regarding the inadvertently produced document or information, and the receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission to the Court when challenging the privilege or immunity claimed by the producing party.

    **5.05   Exclusions**

Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiffs or Defendant, as the case might be, in this action. Nothing in this Protective Order shall prevent a party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated confidential under this Protective Order. Nothing in this Protective Order shall prevent a party

from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

    **5.06**    The Court retains the final and complete authority to re-designate any confidential document as a public document.

    **5.07**    **Relief from Order**

Any person may request the Court to grant relief from or modification of any provisions of this Protective Order.

SO ORDERED, this 1st day of May, 2014.

                                        /s/BILLY ROY WILSON
                                        UNITEDSTATES DISTRICT JUDGE

APPROVED AS TO FORM:

| /s/ George E. McLaughlin | /s/ William M. Griffin III |
|---|---|
| George E. McLaughlin | William M. Griffin III |
| Attorney for Plaintiffs | Attorney for Defendant |

**EXHIBIT "A"**

**ACKNOWLEDGEMENT AND AGREEMENT
CONCERNING CONFIDENTIALITY**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____

and the address of my present employment is _____

_____.

3. My present occupation or job description is _____

_____.

4. I have received a copy of the Protective Order in this case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL Information or any words, summaries, abstracts or indices of CONFIDENTIAL Information disclosed to me.

8. I will return all CONFIDENTIAL Information and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

Subscribed and sworn to before me, this \_\_\_\_\_day of _____, 20\_\_\_\_\_.

_____

_____
Notary Public in and for the
State of _____

My Commission Expires _____